**F I L E D**

**UNITED STATES COURT OF APPEALS**

**December 18, 2006**

**TENTH CIRCUIT**

CHARLES ANTHONY FRAZIER,

Petitioner-Appellant,

v.

LENORA JORDAN, Warden,

Respondent-Appellee.

No. 06-7069

(E.D. of Okla.)

(D.C. No. CIV-03-181-RAW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Charles Anthony Frazier seeks habeas relief from his Oklahoma conviction for running a roadblock after two or more prior felonies. Frazier was sentenced to 45 years. He seeks relief pursuant to 28 U.S.C. § 2254 on the grounds that 1) insufficient evidence existed that a legal roadblock had been established and 2) prosecutorial misconduct improperly bolstered the credibility of one of the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1, 2007).

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

witnesses regarding the existence of a legal roadblock.[1] The district court denied his request for a Certificate of Appealability (COA).

Frazier seeks a COA here. As a *pro se* appellant, we construe his pleadings liberally. *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Finding no constitutional rights were denied Frazier, we DENY his request for a COA and DISMISS the appeal.

## I. Background

On September 21, 2000, Officer Roy Johnson of the Tulsa, Oklahoma police force watched as a vehicle ran a traffic light and then turned into the wrong lane. He suspected the driver was intoxicated, so he turned on his emergency lights and proceeded to follow the car. The vehicle sped up, at which point Johnson turned on his siren and began a pursuit that continued onto Highway 75 at speeds in excess of 100 miles per hour. Officer Johnson eventually turned off his lights and siren, dropped back, and decreased pursuit when a police helicopter took over the chase. A Highway Patrol vehicle driven by Trooper Keith Najera soon took over the pursuit.

---

[1] In his petition to the district court, Frazier also alleged his sentence violated the Eighth Amendment as excessively long. That claim was denied and he does not raise it as part of his request for COA here. We therefore deem it waived.

Okmulgee County Sheriff's Deputy Mark Dawson was advised of the pursuit. He proceeded to Highway 75's intersection with Will Sampson Road. No other vehicles were on the highway. Within 30 seconds to one minute, the high speed chase approached the intersection. Dawson turned on his overhead lights and all emergency lights on his marked Sheriff's Department vehicle and positioned the vehicle to block one lane of the highway while leaving the other lane open in accordance with Oklahoma roadblock policy. Dawson did not leave his vehicle to direct traffic. The pursued car slowed to 35 or 40 miles per hour, switched lanes to avoid hitting Dawson's vehicle, and then continued on with Patrolman Najera in pursuit. Dawson then joined the pursuit until the fleeing vehicle eventually pulled over.

Charles Anthony Frazier was the driver of the car, and was eventually charged with running a roadblock. Due to two or more prior felony convictions on his record, he was sentenced to 45 years for his crime. In seeking a COA, he asserts his due process and equal protection rights were violated because 1) insufficient evidence existed that a legal roadblock had been established in accordance with Okla. Stat. tit. 21, § 540B and 2) the prosecutor improperly bolstered the testimony of Deputy Dawson that a legal roadblock had been established.

## II. Discussion

*1. Sufficiency of Evidence*

"Sufficiency of the evidence is a mixed question of law and fact." *Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006). We ask whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In light of a record where the facts support conflicting inferences, we must presume "that the trier of fact resolved any such conflicts in favor of the prosecution." *Id.* at 326.

Frazier argues the State of Oklahoma failed to introduce evidence of an essential element of a roadblock. The statute in question defines a roadblock as:

> . . . a barricade, sign, standing motor vehicle, or similar obstacle temporarily placed upon or adjacent to a public street, highway, or turnpike, or area accessible to the motoring public, with one or more peace officers in attendance thereof directing each operator of approaching motor vehicles to stop or proceed.

Okla. Stat. tit. 21, § 540B (Supp. 1999). According to Frazier, Deputy Dawson had not established a legal roadblock because he did not exit his patrol car to direct "approaching motor vehicles to stop or proceed."

The trial court found Dawson had created a legal roadblock, as it would be "incredibly dangerous" if the statute required the officer to be outside his car waving his hands to meet the legal terms of roadblock. Magistrate Report & Recommendation at 5. On appeal, the Oklahoma Court of Criminal Appeals

-4-

determined that Deputy Dawson's actions in turning on all of his lights were sufficient to prove beyond a reasonable doubt that he was directing Frazier to stop. Thus, a valid roadblock was established.

Our review under AEDPA requires that we respect state court decisions unless those decisions 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2); *see Maynard*, 468 F.3d at 673. On review, we agree with the lower courts, which found the facts above sufficient to establish the presence of a legal roadblock. It was not unreasonable for the Oklahoma courts to determine Dawson's actions of turning on all of his lights and blocking one lane of traffic were sufficient to indicate his desire for oncoming traffic to stop, nor was such a finding an unreasonable interpretation of the Oklahoma roadblock statute.

*2. Prosecutorial Misconduct*

Frazier next contends prosecutorial misconduct occurred as a result of the prosecution improperly bolstering its case during closing arguments by repeating testimony from Officer Najera that he saw a roadblock ahead. Frazier contends this testimony belied the facts and injected an unwarranted legal conclusion into the proceedings. By claiming a legal roadblock existed, via the injection of

-5-

Najera's testimony into closing arguments, Frazier argues the trial proceedings were infected with unfairness that denied him due process.

Finding prosecutorial misconduct on habeas review requires more than the existence of "undesirable or even universally condemned" remarks by the prosecutor. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). The relevant inquiry "is whether the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* Given the sufficiency of the evidence above that a roadblock was established, we do not find improper the prosecutor's repetition during closing arguments of testimony from Officer Najera regarding a roadblock.

Based on the facts, the deferential standard of review before us, and the report and recommendation of the magistrate judge, we DENY the petition for COA on all of Frazier's claims.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge